**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| ROUND ROCK RESEARCH, LLC, | |
| Plaintiff, | Civil Action No. _____ |
| v. | **JURY TRIAL DEMANDED** |
| SANDISK CORPORATION, | |
| Defendant. | |

**COMPLAINT**

Plaintiff Round Rock Research, LLC ("Round Rock"), for its Complaint against Defendant SanDisk Corporation ("SanDisk"), hereby alleges as follows:

**The Parties**

1.     Plaintiff Round Rock is a Delaware limited liability company with its principal place of business at 2001 Route 46, Waterview Plaza, Suite 310, Parsippany, NJ 07054.

2.     Defendant SanDisk is a corporation organized and existing under the laws of Delaware with its principal place of business in Milpitas, California.  SanDisk has appointed The Corporate Trust Company at Corporation Trust Center, 1209 Orange Street, Wilmington, DE as its registered agent for service of process in Delaware.   SanDisk Corporation is in the business of researching, designing, developing, manufacturing, marketing, and selling data storage products and consumer electronics for importation into the United States.  Such data storage products and consumer electronics include but are not limited to, SD Cards, microSD cards, CompactFlash cards, USB drives, solid state drives (consumer and enterprise level), embedded storage, and computer software.

## Nature Of The Action

3.      This is a civil action for infringement of U.S. Patent Nos. 5,986,347 ("the '347 patent") (attached as Exhibit A), 6,147,405 ("the '405 patent") (attached as Exhibit B), 6,358,801 ("the '801 patent") (attached as Exhibit C), 6,455,935 ("the '935 patent") (attached as Exhibit D), and 6,828,683 ("the '683 patent") (attached as Exhibit E) (collectively, the "Patents-in-Suit") under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*

## Jurisdiction And Venue

4.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patents laws of the United States, including 35 U.S.C. § 271 *et seq.*

5.      This Court has personal jurisdiction over SanDisk because, among other things, SanDisk has committed, aided, abetted, contributed to, and/or participated in the commission of patent infringement in this judicial district and elsewhere that led to foreseeable harm and injury to Round Rock.  Moreover, SanDisk is a Delaware corporation who, having availed itself of Delaware's corporate laws, is subject to personal jurisdiction in Delaware.

6.      This Court also has personal jurisdiction over SanDisk because, among other things, SanDisk has established minimum contacts within the forum such that the exercise of jurisdiction over SanDisk will not offend traditional notions of fair play and substantial justice. For example, SanDisk has placed products that practice and/or embody the claimed inventions of the Patents-in-Suit into the stream of commerce with the reasonable expectation and/or knowledge that purchasers and users of such products were located within this district.  In addition, SanDisk has sold, advertised, marketed, and distributed products in this district that practice the claimed inventions of the Patents-in-Suit.

7.    Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and (c), and 1400(b), because SanDisk resides in this district, is subject to personal jurisdiction in this district, and has committed acts of infringement in this district.

## The Patents-In-Suit

8.    United States Patent No. 5,986,347 ("the '347 patent"), titled "Processing Methods of Forming Contact Opening and Integrated Circuitry," was duly and legally issued by the U.S. Patent and Trademark Office on November 16, 1999.  A copy of the '347 patent is attached hereto as Exhibit A.  Round Rock is the assignee of all rights, title, and interest in the '347 patent, and it possesses all rights to sue and recover for any current or past infringement of the '347 patent.

9.    United States Patent No. 6,147,405 ("the '405 patent"), titled "Asymmetric, Double-Sided Self-Aligned Silicide and Method of Forming the Same," was duly and legally issued by the U.S. Patent and Trademark Office on November 14, 2000.  A copy of the '405 patent is attached hereto as Exhibit B.  Round Rock is the assignee of all rights, title, and interest in the '405 patent, and it possesses all rights to sue and recover for any current or past infringement of the '405 patent.

10.    United States Patent No. 6,358,801 ("the '801 patent"), titled "Method and Apparatus for Trench Isolation Process with Pad Gate and Trench Edge Spacer Elimination," was duly and legally issued by the U.S. Patent and Trademark Office on March 19, 2002.  A copy of the '801 patent is attached hereto as Exhibit C.  Round Rock is the assignee of all rights, title, and interest in the '801 patent, and it possesses all rights to sue and recover for any current or past infringement of the '801 patent.

11.     United States Patent No. 6,455,935 ("the '935 patent"), titled "Asymmetric, Double-Sided Self-Aligned Silicide," was duly and legally issued by the U.S. Patent and Trademark Office on September 24, 2002.  A copy of the '935 patent is attached hereto as Exhibit D.  Round Rock is the assignee of all rights, title, and interest in the '935 patent, and it possesses all rights to sue and recover for any current or past infringement of the '935 patent.

12.     United States Patent No. 6,828,683 ("the '683 patent"), titled "Semiconductor Devices, and Semiconductor Processing Methods," was duly and legally issued by the U.S. Patent and Trademark Office on December 7, 2004.  A copy of the '683 patent is attached hereto as Exhibit E.  Round Rock is the assignee of all rights, title, and interest in the '683 patent, and it possesses all rights to sue and recover for any current or past infringement of the '683 patent.

## COUNT I

### Infringement of U.S. Patent No. 5,986,347

13.     Paragraphs 1 through 12 are incorporated by reference as if fully stated herein.

14.     The '347 patent is valid and enforceable.

15.     SanDisk, has infringed, and continues to infringe, one or more claims of the '347 patent under 35 U.S.C. § 271(a), either literally and/or under the doctrine of equivalents, by making, using, selling, and/or offering for sale in the United States, and/or importing into the United States, products encompassed by those claims, including for example, by making, using, selling, offering for sale, and/or importing into the United States all SanDisk products incorporating controller chips manufactured using a 90nm or later process.  Such products include, for example, SanDisk's removable flash memory products (e.g., SD cards, microSD cards, and USB storage), SanDisk's embedded flash products (e.g., iNAND and iSSD), and SanDisk's solid state drives with any one or more of the following controllers (named by their

respective die markings): SanDisk Meteor5-B, SanDisk PhoenixC2HMP6, SanDisk PhoenixC2HUP6, SanDisk PhoenixC2EMP6, SanDisk Firebird2SP9, FMT1203, SanDisk Meteor6mp6, Marvell Monet2 (88SS9187-BLD2), SanDisk SealMp6, or SanDisk SumerULUP4.

16.　　SanDisk has infringed, and continues to infringe, at least claims 1, 2, 3, 4, 5, and/or 6 of the '347 patent.

17.　　Round Rock has been and continues to be damaged by SanDisk's infringement of the '347 patent.

18.　　SanDisk's conduct in infringing the '347 patent renders this case exceptional within the meaning of 35 U.S.C. § 285.

## COUNT II

### Infringement of U.S. Patent No. 6,147,405

19.　　Paragraphs 1 through 18 are incorporated by reference as if fully stated herein.

20.　　The '405 patent is valid and enforceable.

21.　　SanDisk has infringed, and continues to infringe, one or more claims of the '405 patent under 35 U.S.C. § 271(a), either literally and/or under the doctrine of equivalents, by making, using, selling, and/or offering for sale in the United States, and/or importing into the United States, products encompassed by those claims, including for example, by making, using, selling, offering for sale, and/or importing into the United States all SanDisk products incorporating controller chips manufactured using a 90nm or later process. Such products include, for example, SanDisk's removable flash memory products (e.g., SD cards, microSD cards, and USB storage), SanDisk's embedded flash products (e.g., iNAND and iSSD), and SanDisk's solid state drives with any one or more of the following controllers (named by their respective die markings): SanDisk Meteor5-B, SanDisk PhoenixC2HMP6, SanDisk

PhoenixC2HUP6, SanDisk PhoenixC2EMP6, SanDisk Firebird2SP9, FMT1203, SanDisk Meteor6mp6, Marvell Monet2 (88SS9187-BLD2), SanDisk SealMp6, or SanDisk SumerULUP4.

22.     SanDisk has infringed, and continues to infringe, at least claims 1, 2, 3, 6, 7, 8, 9, 10 and/or 12 of the '405 patent.

23.     Round Rock has been and continues to be damaged by SanDisk's infringement of the '405 patent.

24.     SanDisk's conduct in infringing the '405 patent renders this case exceptional within the meaning of 35 U.S.C. § 285.

**COUNT III**

**Infringement of U.S. Patent No. 6,358,801**

25.     Paragraphs 1 through 24 are incorporated by reference as if fully stated herein.

26.     The '801 patent is valid and enforceable.

27.     SanDisk has infringed, and continues to infringe, one or more claims of the '801 patent under 35 U.S.C. § 271(a) and/or 271(g), either literally and/or under the doctrine of equivalents, by making, selling, offering to sell, using, and/or importing into the United States, products made by a process described in those claims, including for example, by making, using, selling, offering for sale, and/or importing into the United States all SanDisk products incorporating controller chips manufactured using a 90nm or later process.  Such products include, for example, SanDisk's removable flash memory products (e.g., SD cards, microSD cards, and USB storage), SanDisk's embedded flash products (e.g., iNAND and iSSD), and SanDisk's solid state drives with any one or more of the following controllers (named by their respective die markings):     SanDisk Meteor5-B, SanDisk PhoenixC2HMP6, SanDisk

PhoenixC2HUP6, SanDisk PhoenixC2EMP6, SanDisk Firebird2SP9, FMT1203, SanDisk Meteor6mp6, Marvell Monet2 (88SS9187-BLD2), SanDisk SealMp6, or SanDisk SumerULUP4.

28.     SanDisk has infringed, and continues to infringe, at least claims 1 and/or 2 of the '801 patent.

29.     Round Rock has been and continues to be damaged by SanDisk's infringement of the '801 patent.

30.     SanDisk's conduct in infringing the '801 patent renders this case exceptional within the meaning of 35 U.S.C. § 285.

## COUNT IV

### Infringement of U.S. Patent No. 6,455,935

31.     Paragraphs 1 through 30 are incorporated by reference as if fully stated herein.

32.     The '935 patent is valid and enforceable.

33.     SanDisk has infringed, and continues to infringe, one or more claims of the '935 patent under 35 U.S.C. § 271(a), either literally and/or under the doctrine of equivalents, by making, using, selling, and/or offering for sale in the United States, and/or importing into the United States, products encompassed by those claims, including for example, by making, using, selling, offering for sale, and/or importing into the United States all SanDisk products incorporating controller chips manufactured using a 90nm or later process.  Such products include, for example, SanDisk's removable flash memory products (e.g., SD cards, microSD cards, and USB storage), SanDisk's embedded flash products (e.g., iNAND and iSSD), and SanDisk's solid state drives with any one or more of the following controllers (named by their respective die markings):    SanDisk Meteor5-B, SanDisk PhoenixC2HMP6, SanDisk

PhoenixC2HUP6, SanDisk PhoenixC2EMP6, SanDisk Firebird2SP9, FMT1203, SanDisk Meteor6mp6, Marvell Monet2 (88SS9187-BLD2), SanDisk SealMp6, or SanDisk SumerULUP4.

34.     SanDisk has infringed, and continues to infringe, at least claims 1, 2, 3, 4, 6, 8, 9, and/or 10 of the '935 patent.

35.     Round Rock has been and continues to be damaged by SanDisk's infringement of the '935 patent.

36.     SanDisk's conduct in infringing the '935 patent renders this case exceptional within the meaning of 35 U.S.C. § 285.

## COUNT V

### Infringement of U.S. Patent No. 6,828,683

37.     Paragraphs 1 through 36 are incorporated by reference as if fully stated herein.

38.     The '683 patent is valid and enforceable.

39.     SanDisk has infringed, and continues to infringe, one or more claims of the '683 patent under 35 U.S.C. § 271(a), either literally and/or under the doctrine of equivalents, by making, using, selling, and/or offering for sale in the United States, and/or importing into the United States, products encompassed by those claims, including for example, by making, using, selling, offering for sale, and/or importing into the United States all SanDisk products incorporating controller chips manufactured using a 90nm or later process.   Such products include, for example, SanDisk's removable flash memory products (e.g., SD cards, microSD cards, and USB storage), SanDisk's embedded flash products (e.g., iNAND and iSSD), and SanDisk's solid state drives with any one or more of the following controllers (named by their respective die markings):     SanDisk Meteor5-B, SanDisk PhoenixC2HMP6, SanDisk

8

PhoenixC2HUP6, SanDisk PhoenixC2EMP6, SanDisk Firebird2SP9, FMT1203, SanDisk Meteor6mp6, Marvell Monet2 (88SS9187-BLD2), SanDisk SealMp6, or SanDisk SumerULUP4.

40.     SanDisk has infringed, and continues to infringe, at least claims 27, 28, 30, 32, 33, 34, and/or 35 of the '683 patent.

41.     Round Rock has been and continues to be damaged by SanDisk's infringement of the '683 patent.

42.     SanDisk's conduct in infringing the '683 patent renders this case exceptional within the meaning of 35 U.S.C. § 285.

## Prayer For Relief

WHEREFORE, Round Rock prays for judgment as follows:

A.     That SanDisk has infringed, either literally and/or under the doctrine of equivalents, each of the Patents-in-Suit;

B.     That Round Rock be awarded all damages adequate to compensate it for SanDisk's infringement of the Patents-in-Suit, such damages to be determined by a jury and, if necessary to adequately compensate Round Rock for the infringement, an accounting, and that such damages be trebled and awarded to Round Rock with pre-judgment and post-judgment interest;

C.     That this case by declared an exceptional case within the meaning of 35 U.S.C. § 285 and that Round Rock be awarded the attorney fees, costs, and expenses that it incurs prosecuting this action; and

D.     That Round Rock be awarded such other and further relief as this Court deems just and proper.

## **Demand For Jury Trial**

Plaintiff Round Rock hereby demands a trial by jury on all issues so triable.

Dated:  December 3, 2014

FARNAN LLP

/s/ Brian E. Farnan
Brian E. Farnan (Bar No. 4089)
919 North Market Street
12th Floor
Wilmington, DE  19801
(302) 777-0300 (Telephone)
(302) 777-0301 (Facsimile)
bfarnan@farnanlaw.com

*Counsel for Plaintiff*
*Round Rock Research, LLC*

*Of Counsel:*

Paul A. Bondor
Lauren M. Nowierski
Elizabeth Kimmel
DESMARAIS LLP
230 Park Avenue
New York, NY  10169
(212) 351-3400 (Telephone)
(212) 351-3401 (Facsimile)
pbondor@desmaraisllp.com
lnowierski@desmaraisllp.com
ekimmel@desmaraisllp.com